1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  DANIEL L. SIEGEL, State Bar No. 67536
   Supervising Deputy Attorney General
3  RUSSELL B. HILDRETH, State Bar No. 166167
   NICOLE U. RINKE, State Bar No. 257510
4  JESSICA E. TUCKER-MOHL, State Bar No. 262280
   Deputy Attorneys General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone: (916) 327-7704
7    Fax: (916) 327-2319
     E-mail: Jessica.TuckerMohl@doj.ca.gov
8  *Attorneys for Plaintiff and Counterdefendant*
   *California Department of Parks and Recreation*
9
   LATHAM & WATKINS LLP
10   Michael G. Romey (Bar No. 137993)
     Monica Klosterman (Bar No. 258480)
11 355 South Grand Avenue
   Los Angeles, CA 90071-1560
12 Telephone: (213) 485-1234
   Fax: (213) 891-8763
13 E-mail: Michael.Romey@lw.com;
           Monica.Klosterman@lw.com
14 *Attorneys for Defendants and Counterclaimants*

15

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF PARKS & RECREATION,**<br><br>                                     Plaintiff,<br><br>     v.<br><br>**NEWMONT MINING CORPORATION; NEW VERDE MINES; et al.,**<br><br>                                   Defendants. | Case No. 2:12-CV-01857-LKK-GGH<br><br>**STIPULATION AND ORDER REGARDING FEDERAL RULE OF EVIDENCE 502(D)**<br><br>Judge:   Hon. Lawrence K. Karlton<br>Trial Date:   February 3, 2015<br>Action Filed:   July 13, 2012 |
| **NEWMONT MINING CORPORATION; NEW VERDE MINES, et al.,**<br><br>                            Counterclaimants,<br><br>     v.<br><br>**CALIFORNIA DEPARTMENT OF PARKS & RECREATION,**<br><br>                               Counterdefendant. | |

        The parties to the above-entitled action, met and conferred and stipulated as follows:

1.     Pursuant to Federal Rule of Evidence 502(d), if in connection with the above-captioned litigation, documents or information subject to a claim of attorney-client privilege, work product protection, or any other privilege recognized in this Court, are disclosed ("Disclosed Information") by a party (the "Disclosing Party"), the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter.  Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege.  The non-waiver of claims of privilege and protection shall apply to the litigation pending before the Court as well as any other federal or state proceeding.

2.     If a claim of disclosure is made by the Disclosing Party with respect to Disclosed Information, the party that received the Disclosed Information (the "Receiving Party") shall, within five business days of receiving notice of the claim of disclosure, return, delete, or destroy the Disclosed Information and delete or destroy the portions of all work product that reflect or are derived from such Disclosed Information, including all copies thereof, shall not share such Disclosed Information or work product with any person, and shall make no use of any kind of such Disclosed Information and work product.

3.     Upon request by the Disclosing Party, the Receiving Party shall confirm in writing that it has complied with the procedures described in Paragraph 2 above.

4.     If a Receiving Party knows or should reasonably know that it has received Disclosed Information, it shall promptly sequester such Disclosed Information and refrain from using both it and the portions of all work product that reflect or are derived from such Disclosed Information.  The Receiving Party shall promptly notify the Disclosing Party of the existence of such Disclosed Information in order to permit the Disclosing Party to take protective measures as outlined above.  Upon request by the Disclosing Party, the Receiving Party shall comply with the procedures described in Paragraphs 2 and 3 above.

5. Nothing in this Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Disclosing Party's claim that Disclosed Information is protected from disclosure by the claimed privilege and/or protection. If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the protection of documents for which a claim of Disclosure has been asserted, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material. Any Disclosed Information submitted to the Court in connection with a challenge to the Disclosing Party's claim of privilege and/or protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

6. The terms of this Stipulated Order shall apply to all Disclosed Information disclosed during the course of the litigation pending before the Court, including Disclosed Information disclosed prior or subsequent to the entry of this Stipulated Order.

7. Nothing in this Stipulated Order shall waive or limit any protections afforded the parties under Federal Rule of Evidence 502.

Dated: September 25, 2013            Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
DANIEL L. SIEGEL
Supervising Deputy Attorney General


 /s/  *Jessica Tucker-Mohl*
JESSICA E. TUCKER-MOHL
Deputy Attorney General
*Attorneys for Plaintiff and Counterdefendant*
*California Department of Parks and Recreation*

| | |
|---|---|
| Dated:  September 25, 2013 | LATHAM & WATKINS LLP<br>Michael G. Romey<br>Monica Klosterman |
| | /s/  *Monica Klosterman*<br>MONICA KLOSTERMAN<br>*Attorneys for Defendants and Counterclaimants* |

**IT IS SO ORDERED**.

Date: October 7, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3