KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DANIEL L. SIEGEL, State Bar No. 67536
Supervising Deputy Attorney General
RUSSELL B. HILDRETH, State Bar No. 166167
NICOLE U. RINKE, State Bar No. 257510
JESSICA E. TUCKER-MOHL, State Bar No. 262280
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7704
 Fax: (916) 327-2319
 E-mail: Jessica.TuckerMohl@doj.ca.gov
*Attorneys for Plaintiff and Counterdefendant
California Department of Parks and Recreation*

LATHAM & WATKINS LLP
  Michael G. Romey (Bar No. 137993)
  Monica Klosterman (Bar No. 258480)
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Fax: (213) 891-8763
E-mail: Michael.Romey@lw.com;
        Monica.Klosterman@lw.com
*Attorneys for Defendants and Counterclaimants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF PARKS & RECREATION,<br><br>            Plaintiff,<br><br>     v.<br><br>NEWMONT MINING CORPORATION; et al.,<br><br>            Defendants. | CASE NO. 2:12-CV-01857-KJM-AC<br><br>**STIPULATION AND ORDER REGARDING ADJUDICATION OF THE RECOVERABILITY OF ADDITIONAL COSTS**<br><br>Judge:       Hon. Kimberly J. Mueller<br>Trial Date:  February 2, 2015<br>Action Filed: July 13, 2012 |
| NEWMONT MINING CORPORATION; et al.,<br><br>            Counterclaimants,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF PARKS & RECREATION,<br><br>            Counterdefendant. | |

In the interests of judicial economy, and to facilitate an efficient use of the Court's and the parties' time in advance of, during, and after the trial scheduled to begin on February 2, 2015, parties to the above-entitled action, having met and conferred, through their respective counsel hereby stipulate to the following regarding the adjudication of the recoverability of costs for purposes of this litigation only:

1. In the above-entitled action, California Department of Parks & Recreation ("Parks") and Newmont USA Limited ("Newmont") maintain claims and counterclaims, respectively, for cost recovery pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) ("Section 107 Claims"). Parks' and Newmont's Section 107 Claims seek to recover response costs incurred pursuant to the 2006 Cleanup and Abatement Order ("2006 Order") issued by the Department of Toxic Substances Control and the Central Valley Regional Water Quality Control Board in the matter of Empire Mine State Historic Park ("EMSHP") (DTSC Docket No. HAS-CO 06/07-101; Water Board Order No. R5-2006-0731) and any subsequent amendments or modifications to the Order as well as the 2009 Cleanup and Abatement Order issued by the DTSC and Water Board in the matter of Empire Mine State Historic Park (DTSC Docket No. HSA-CO 09/10-027; Water Board Order No. R5-2009-0714) and the 2011 Cleanup and Abatement Order ("2011 Order") issued by the DTSC and Water Board in the matter of EMSHP (DTSC Docket No. HSA-CO 11/12-008; Water Board Order No. R5-2011-0705) ("EMSHP Orders").

2. Parks and Newmont also maintain claims and counterclaims, respectively, for contribution of the response costs each party has incurred as described in Paragraph 1, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613 as well as counterclaims under Section 113 to the opposing party's cost recovery claim or counterclaim, in the event that Parks or Newmont is held liable for any of the opposing party's alleged response costs ("Section 113 Claims"). *See* Stipulation Clarifying the Scope of the Parties' Alleged Claim/Counterclaim for Contribution (Document No. 47); Order Entering Stipulation Clarifying the Scope of the Parties' Alleged Claim/Counterclaim for Contribution (Document No. 51).

3. Parks and Newmont also maintain declaratory relief claims and counterclaims,

1

Case Number: 2:12-cv-01857-KJM-AC
Stipulation and Order Regarding Adjudication of the
Recoverability of Additional Costs

respectively, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202 and Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for future costs to be incurred pursuant to EMSHP Orders or otherwise in response to the contamination, release or threatened release of hazardous substances at EMSHP ("Declaratory Relief Claims").

4. The parties have stipulated that the prima facie elements of Parks' and Newmont's liability under CERCLA Section 107 have been met. *See* Stipulation Regarding Liability Under Section 107 of [CERCLA] (Document No. 46); Order Entering Stipulation Regarding Liability Under Section 107 of [CERCLA] (Document No. 50). The parties, therefore, anticipate that the Court, subject to any applicable defenses, will determine pursuant to Section 113 of CERCLA the allocation of liability for costs each party has incurred and may determine the allocation of liability for future costs.

5. In addition to determining the allocation of liability, the parties stipulate that the Court adjudicate the recoverability of costs as follows:

**Past Costs**

6. As part of their Section 107 and 113 Claims, Parks and Newmont seek recovery of and contribution for past costs they have incurred. Parks has produced documentation of costs it has incurred through September 30, 2012 ("Parks' Past Costs"). Newmont has produced documentation of costs it has incurred through December 31, 2013 ("Newmont's Past Costs") (together, Parks' Past Costs and Newmont's Past Costs are "Past Costs").

7. The parties have entered into a stipulation regarding the consistency of past costs incurred prior to September 30, 2012 with the National Contingency Plan (NCP) promulgated under Section 105(a) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. Section 9605(a), codified at 40 C.F.R. Part 300 ("NCP Consistency Stipulation") (Document No. 40). The stipulation preserves the right of each party to challenge any past costs, as otherwise allowed at law, on the grounds that they are not necessary costs of response or the costs are not sufficiently documented. The parties agree that past costs incurred by Newmont after September 30, 2012, but prior to December 31, 2013 will be covered by the NCP Consistency Stipulation, with the understanding that Parks is not

1 precluded from separately challenging, pursuant to the dispute resolution procedures set forth in
2 Paragraph 4.26 of the 2011 Order, the NCP consistency of any remedial alternative approved by
3 the regulators that relates to these costs.
4 8.     The parties agree that challenges to the recoverability of any Past Costs pursuant to the
5 NCP Consistency Stipulation will be addressed by the Court as part of the above-entitled action
6 set for trial on February 2, 2015, to the extent such costs are put at issue in the Joint Pretrial
7 Statement.

## Additional Costs

9 9.     Parks and Newmont have and will continue to incur costs pursuant to the EMSHP
10 Orders, subsequent to the last date for which each party has disclosed cost documentation
11 (September 30, 2012 for Parks, and December 31, 2013 for Newmont) ("Additional Costs").
12 The parties' Section 107 and 113 Claims and Declaratory Relief Claims include claims for these
13 Additional Costs. The parties have preserved the right to, but have not made initial disclosures or
14 conducted discovery regarding the portion of these Additional Costs incurred or to be incurred
15 prior to trial.
16 10.    Rather than requiring additional discovery prior to the trial scheduled to begin on
17 February 2, 2015 and to address costs incurred subsequent to trial, the parties agree that the
18 recoverability of all Additional Costs should be addressed in subsequent proceeding(s).  The
19 parties shall seek to come to agreement on the forum and procedure(s) for such subsequent
20 proceeding(s), including but not limited to, this Court retaining jurisdiction over this matter or
21 the parties' utilization of private alternative dispute resolution mechanisms, and file a stipulation
22 regarding the same with this Court before the Court enters judgment in the above-entitled action.

| | |
|---|---|
| Dated:  September 30, 2014 | Respectfully Submitted, |
| | KAMALA D. HARRIS<br>Attorney General of California<br>DANIEL L. SIEGEL<br>Supervising Deputy Attorney General |
| | */s/ Nicole U. Rinke*<br>NICOLE U. RINKE<br>Deputy Attorney General<br>*Attorneys for Plaintiff and Counterdefendant California Department of Parks and Recreation* |
| Dated:  September 30, 2014 | LATHAM & WATKINS LLP<br>Michael G. Romey<br>Monica Klosterman |
| | */s/ Monica Klosterman*<br>MONICA KLOSTERMAN<br>*Attorneys for Defendants and Counterclaimants* |

IT IS SO ORDERED.

Date:  October 6, 2014.

_____
UNITED STATES DISTRICT JUDGE

4

Case Number: 2:12-cv-01857-KJM-AC
Stipulation and Order Regarding Adjudication of the
Recoverability of Additional Costs